Jones, J.
The demurrer to the answer conceded the truth of the allegations contained in that pleading. For the purposes of this case it may also be conceded that the contract in question between the husband and wife was fair and reasonable. While still cohabiting together as husband and wife, each released to the other all claims of dower, distributive share, or other statutory allowance, which one might derive from, the other under the laws of this or any other state. The consideration to be paid to the wife was the sum of $25,000, evidenced by five promissory notes, the last of which is the subject of this suit.
The question therefore arises, Can a husband and wife during coverture and without contemplating separation enter into a valid legal contract whereby one releases to the other all claims in the other’s, property, during lifetime or after death, in consideration of money paid or promised to be paid therefor ?
The subjects of dower, distributive share and mansion house rights are each of them creatures of statute law. While the marital relation is contractual, those statutory provisions made for the benefit of the husband and wife do not have their basis in contract, but are purely incidental to the marital relation. They are creatures of the sovereign, which, at any time before vesting, may be changed or abrogated by the legislative will.
“Dower is not the result of contract, but is the creature of positive law, founded on reasons of public policy, and subject, while it remains inchoate, to such modifications and qualifications as legisla *21 tion, for like reasons of public policy, may see proper to impose.” Weaver v. Gregg, 6 Ohio St., 547, 549.
The principle here stated applies not only to dower but to any other provision made for the benefit of husband and wife under the laws of descent and distribution.
At common law a married woman could enter into no such agreement with her husband as is contained in the pleading here involved. However, it is insisted that enabling statutes have been passed by this state which permit the husband and wife, during coverture and without a view to separation, to make such mutual releases as are involved here.
Our state legislation has gradually eliminated married women from the fetters that bound her at common law. It first provided a series of laws which permitted a married woman to deal with her separate estate as if she were a feme sole. These laws were superseded by an act “To define the rights and liabilities of husband and wife,” passed March 19, 1887 (84 O. L., 132). It brought within its scope various subjects which related not only to the marital relation between the parties, but also fixed the rights of each in the property of the other after death. It was a legislative codification and grouping of the statutes in one single act, whereby all of the relations, both property and marital, were embodied within its scope. It lifted the wife above the limitations which restricted her contractual powers and put her upon a plane with her husband, thereby giving to her all the freedom of contract which he himself has. However, it is important,to *22 note that the husband and wife act then adopted not only contained provisions for jointure and for dower in the lands of the other at decease, but also contained provisions stipulating the distributive share each would receive from the personal property of the other.
In this case the executor contends that by that act the legislature adopted an enabling provision which permits either husband or wife, not contemplating separation, to enter into a contract of this character during coverture. That provision is now Section 7999, General Code, and is as follows: “A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.”
Were this section standing alone the contention of the executor might be sustained, although the courts of some states have declined to hold that similar acts authorize husband and wife, during coverture, to make a valid legal contract releasing dower and distributive share.
Whether Section 7999, General Code, is broad enough to grant to cohabiting persons the power to make these mutual releases during coverture may be doubtful. However, we are constrained to the view that the right of contract given to the husband and wife under the section named has been limited by legislation relating to husband and wife found in other sections of the code. One of these limitations is contained in Section 8000, General *23 Code, which reads as follows: “A husband and wife can not by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation.”
What were these “legal relations” that might be changed by the parties? Where the meaning of a statutory term is doubtful, recourse may be had to the title of the act as an aid in its construction and for the purpose of ascertaining the legislative intent. The purpose of this act as disclosed by its title was “To define the rights and liabilities of husband and wife.” Among other rights and liabilities brought within the scope of the act was the liability of their respective estates to respond to dower and distributive share.
A contract for mutual release by husband and wife in the property of the other after decease is an alteration of their legal relations. As stated before, dower and distributive share were brought within the scope of the act controlling the relations of husband and wife. These provisions were incidental to their marital relation, and were legal in their character. It was the undoubted policy of the legislature, by the adoption of this section, not only to preserve the unity of the marital relation, but to preserve intact the property provisions which were made for one after the decease of the other. If the legislature had intended merely to limit their right of contract respecting their marital relations, it would have used the term “marital;” but having incorporated within the act the term “legal,” which *24 here embraces more than “marital,” it would seem that the legislature intended that there should be no alteration either of marital or property relations in the nature of expectancies, except in case of immediate separation.
The engrafting of the exception permitting such contracts to be made upon immediate separation plainly evinces the legislative policy of denying to a husband and wife living together the right of absolute contract with reference to their expectancies in each other’s estate. It was not intended as an authorization to traffic in property of this character, thereby disturbing domestic felicity and the peaceful conjugal relations naturally existing between husband and wife living together. The legislature had incorporated in the husband and wife act of 1887 a provision by which either might be barred of dower in the real property of the other by an agreement executed during coverture conveying real property by way of jointure. (Section 8608, General Code.) This could be done although the conjugal relation continued to subsist. However, in such case either husband or wife could waive title to the property and claim dower in the estate of the grantor. If, as claimed, a cohabiting husband and wife had the unlimited right of contract with respect to dower, this section would have no effect. As to them, however, the statute has full force and effect. Notwithstanding their contract the husband and wife under its terms can waive jointure and claim dower.
In view, therefoi e, of the provisions of the husband and wife act of 1887, and especially of the *25 limitation in Section 8000, General Code, we hold that the mutual releases executed by the parties were invalid in law and that no recovery can be had in a legal forum in this state upon a promissory note which was a partial consideration for such release. What the equitable rights of the wife would have been in the estate of her husband had she survived him and claimed dower and distributive share, we do not now decide. Whether the husband and wife act would permit such a contract to be made in a case where separation occurs we do not now decide, as that situation does not present itself in this case.
In sustaining the demurrer to the answer the courts below erred, and their judgments are reversed and judgment here rendered in favor of the plaintiff in error.

Judgments reversed.

Matthias, Donahue and Robinson,,JJ., concur.
Johnson, J., concurs in the judgment.
Nichols, C. J., and Wanamaker, J., dissent.